JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Larry Robinson, appeals the consecutive sentences imposed by the common pleas court in Case Nos. CR-368361 and CR-0405088. For the following reasons, we affirm the sentence of the lower court.
 {¶ 2} On March 20, 2002, in Case No. CR-368361, Robinson entered a plea of no contest and stipulated to a factual basis for his plea on the charges of possession of drugs, in violation of R.C. 2925.11, preparation of drugs for sale, in violation of R.C. 2925.07, with a school yard specification, in violation of R.C. 2925.03(C)(2)(b), and possession of criminal tools, in violation of R.C. 2923.24, as indicted. This court previously, in Robinson (July 21, 2001), Cuyahoga App. No. 77981[1], reversed the trial court's granting of the motion to suppress evidence.
 {¶ 3} The lower court imposed the following sentence: four years mandatory time for the violation of R.C. 2925.11, a felony of the first degree; four years mandatory time for the violation of R.C. 2925.07, with school yard specification, R.C. 2925.03(C)(2)(b), a felony of the third degree; and twelve months for the violation of R.C. 2923.24, a felony of the fifth degree, to run concurrently with each other, but consecutively to the sentence imposed in Case No. CR-405088.[2]
 {¶ 4} Robinson asserts one assignment of error for our review:
 {¶ 5} "The trial court erred by imposing consecutive sentences in contravention to the applicable sentencing statutes."
 {¶ 6} Appellant contends the limited record in this case does not support the imposition of consecutive sentences under both R.C.2929.14(E)(4) and 2929.19(B)(2)(c).
 {¶ 7} R.C. 2929.14(E)(4) provides:
 {¶ 8} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post release control for a prior offense.
 {¶ 10} "The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} R.C. 2929.19(B)(2)(c) provides in pertinent part:
 {¶ 13} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 14} "If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 15} The lower court began its task by exploring appellant's past criminal history. Counsel for the appellant informed the lower court that this was appellant's third strike. The court highlighted the amount of drugs involved in this case by stating, "This was a substantial amount of drugs. This is the highest drug felony you can get. So we're dealing with more than a mere addiction here, sir. Let's not kid ourselves about it." (Tr. 15.)
 {¶ 16} The court further added, "* * * The court is looking to the amount of drugs here, and the fact that you continue to engage in illegal activity. Indeed, during the pendency of the appeal on this particular case, you got yourself into trouble, substantial amount of trouble. You're doing two years mandatory time. That is not a frivolous offense. In count one, because of the ongoing nature of your drug activity, your failure to respond favorably in the past, your high risk of recidivism, the court is going to impose — he's been down before. * * *(Tr. 16.) * * * The consecutive prison term is an optional choice for this court, and the Court is going to impose it here, as I feel it's necessary to protect the public and to punish you for your offenses. * * * You committed a new crime, apparently while waiting the appeal in my case. You dealt with a great deal of drugs. You dealt near a school. The Court feels that a single term would not adequately reflect the seriousness of the conduct and your drug dealing; and your criminal history shows that indeed you continue to engage in illegal activity, and in order to protect the public. The court will mention the prior offenses, number 248440, 299843, 300602 and 405088." (Tr.17-18.)
 {¶ 17} In this instant case, the court made the required findings under the statute then proceeded to apply its reasons to the findings. "While the court did not expressly describe the terms necessary and not disproportionate to describe the consecutive sentences, the tenor of its comments, its findings, and the evidence are sufficient to impose such a sentence." State v. Franklin (May 10, 2001), Cuyahoga App. No. 77385. This assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and JAMES J. SWEENEY, J., concur.
[1] A synopsis of Robinson I reveals Robinson was arrested at a barbecue restaurant after having been implicated as a drug dealer by another suspect.
[2] According to the record, appellant was serving a two-year sentence on this instant case while the appeal in Robinson I was pending in this court.